FILED

13 NOV 12 AM 10: 29

αυ

DEPUTY

1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10  JOSE PABLO MALDONADO,                  CASE NO. 12-cv-857-BEN (KSC)

11                        Petitioner,      **ORDER:**

12                                         **(1) ADOPTING REPORT AND**
                                           **RECOMMENDATION OVER**
13     vs.                                 **OBJECTION**

14                                         **(2) DENYING PETITION FOR**
                                           **WRIT OF HABEAS CORPUS**
15  J. TIM OCHOA, Warden,
                                           **(3) DENYING CERTIFICATE OF**
16                        Respondent.      **APPEALABILITY**

17                                         [Docket No. 11]

18

19          Before this Court is Petitioner Jose Pablo Maldonado's Petition for Writ of

20  Habeas Corpus (Docket No. 1).  For the reasons stated below, the Court **ADOPTS** the

21  Report and Recommendation of the Magistrate Judge over Petitioner's objection.  The

22  Petition is **DENIED** and a Certificate of Appealability is **DENIED**.

23                                **BACKGROUND**

24          Petitioner, who is represented by counsel, seeks relief under 28 U.S.C. § 2254

25  from a six-year sentence for three counts of lewd acts upon a child under the age of

26  fourteen, California Penal Code § 288(a).  (Petition at 1-2).  As to all three counts, it

27  was further alleged that Petitioner had substantial sexual conduct with the child, in

28  violation of California Penal Code, §1203.066(a)(8). (*Id.*).  Petitioner was convicted

1 | by a jury in San Diego Superior Court on December 18, 2009. (*Id.*).

2 | Petitioner submitted his petition on April 6, 2012. (*Id.*). Petitioner's sole
3 | asserted ground for relief was that there was insufficient evidence that he committed
4 | lewd acts upon a child. (*Id.* at 6). The relevant factual background, including the
5 | alleged lewd acts and the investigation, is ably described in the thoughtful and
6 | thorough Report and Recommendation prepared by the Honorable Karen S. Crawford,
7 | U.S. Magistrate Judge. (R&R at 2-13).

8 | Petitioner claims that there was insufficient evidence that he committed the lewd
9 | acts, and that the state court's opinion to the contrary was an unreasonable application
10 | of clearly established federal law and an unreasonable determination of the facts.
11 | (Memoranda of Points and Authorities in Support of Petition (MPA) at 18).
12 | Specifically, Petitioner points to the fact that the Due Process Clause of the Fifth
13 | Amendment, applicable to the states through the Fourteenth Amendment, requires that
14 | a state criminal conviction be supported by evidence from which the trier of fact could
15 | reasonably find guilt beyond a reasonable doubt. (*Id.* (citing *Jackson v. Virginia*, 443
16 | U.S. 307, 317-18 (1979); *In re Winship*, 397 U.S 358 (1970))).

17 | Petitioner claims that, although it is recognized that a single witness can be
18 | sufficient to support a criminal conviction, the child in this case was always uncertain
19 | and remained uncertain about whether she was actually molested or merely dreaming.
20 | (MPA at 18). Petitioner contends this "renders the likelihood that she was molested
21 | in the fifty percent range." (*Id.*). As such, Petitioner asserts there was no evidence
22 | proving beyond a reasonable doubt that he molested the child. (*Id.* at 19). Petitioner
23 | specifically points to a number of the child's statements, both before and during trial.
24 | (*Id.* at 19-20). Petitioner also points to the fact that the child had previously viewed
25 | explicit material and had explicit dreams. (*Id.* at 20). He also points to evidence that
26 | the child sought attention after the birth of a sister and missed her biological father.
27 | (*Id.* at 21).

28 | Petitioner unsuccessfully raised his claims before the California Court of Appeal.

12-cv-857

1 | (Lodgment 6 at 1). The California Supreme Court denied his petition for review
2 | without opinion. (Lodgment 8 at 1).

3 | On July 16, 2013, the Magistrate Judge issued a Report and Recommendation
4 | advising this Court to deny Maldonado's Petition. (R&R at 2). Maldonado filed an
5 | Objection to the Report and Recommendation on July 30, 2013. (Docket No. 12).
6 | Petitioner's argument concerning the conclusions of the Report and Recommendation
7 | consists of a single paragraph. (Obj. at 2). This paragraph restated Petitioner's
8 | arguments, and did not point to any alleged flaws in the reasoning or law of the Report
9 | and Recommendation, beyond Petitioner's disagreement. (*Id.*).

10 | **STANDARD OF REVIEW**

11 | A Petition for Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is governed by
12 | the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Lindh v.*
13 | *Murphy*, 521 U.S. 320, 337 (1997). AEDPA states that a habeas petition will not be
14 | granted with respect to any claim adjudicated on the merits in state court proceedings
15 | unless that adjudication either (1) resulted in a decision that was contrary to, or
16 | involved an unreasonable application of, clearly established federal law, as determined
17 | by the Supreme Court of the United States; or (2) resulted in a decision that was based
18 | on an unreasonable determination of the facts in light of the evidence presented in the
19 | state court proceeding. 28 U.S.C. § 2254(d). A federal court engages in
20 | extraordinarily deferential review of the state court's determination, and only looks to
21 | see whether the state court's decision was objectively unreasonable. *See Yarbrough*
22 | *v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).
23 | When there is no reasoned decision from the state's highest court, the Court "looks
24 | through" to the underlying appellate court decision. *Ylst v. Nunnemaker*, 501 U.S. 797,
25 | 801-06 (1991).

26 | The Supreme Court has stated that a federal habeas court "may issue the writ
27 | under the 'contrary to' clause if the state court applies a rule different from the
28 | governing law set forth in our cases, or if it decides a case differently than we have

1  done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694

2  (2002) (citation omitted).  Relief under the "unreasonable application" prong is only

3  granted where the governing law was correctly identified, but was applied to the facts

4  in an "objectively unreasonable manner." *Id.*

5        Where a timely objection to a report and recommendation has been filed, the

6  district court reviews *de novo* those portions of the report or specific proposed findings

7  or recommendations to which the petitioner objected.  28 U.S.C. § 636(b)(1).

8  **DISCUSSION**

9        A *de novo* review of the record, and full consideration of the submissions of the

10  parties, leads this Court to concur with the conclusion of the Magistrate Judge.

11        As correctly stated by the Magistrate Judge, this Court must look at the evidence

12  in the light most favorable to the prosecution and determine whether any rational trier

13  of fact could have found the essential elements of the crime beyond a reasonable doubt.

14  *Jackson*, 443 U.S. at 319.  The Court may not make its own determination of guilt or

15  innocence.  *Id.*  Similarly, California law requires an appellate court to consider the

16  whole record in the light most favorable to the judgment below to determine whether

17  it discloses substantial evidence.  *People v. Johnson*, 226 Cal. 3d 557, 578 (1980).

18  "Substantial evidence" is "reasonable, credible, and of solid value such that a

19  reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." *Id.*

20        A petitioner for federal habeas who is challenging the sufficiency of the evidence

21  supporting his state conviction bears a "heavy burden." *Juan H. v. Allen*, 408 F.3d

22  1262, 1274 (9th Cir. 2005).  In reviewing the California court's decision, this court

23  must determine whether the decision of the California Court of Appeal was an

24  "unreasonable application" of *Jackson* and *Winship* to the facts of the case.  *Id.* at 1275.

25        Thorough examination of the opinion of the California Court of Appeal

26  demonstrates that there was no "unreasonable application" of the applicable governing

27  law, and a rational trier of fact could have found the essential elements of the claim

28  beyond a reasonable doubt.  *See id.* at 1274.

1    Petitioner asserts that where the only evidence of a crime comes from an

2  uncertain witness, the "uncertainty itself necessarily gives rise to a reasonable doubt."

3  (MPA at 21). The decision of the Court of Appeal acknowledged the child's references

4  to the possibility of the molestation being a dream, but also pointed to repeated

5  statements that the incidents were real. (Lodgement 6 at 12). The Court of Appeal

6  considered that the jury could have credited the child's testimony that the incidents

7  were real, especially because she gave consistent descriptions to multiple individuals

8  and described physical details of sexual activity that a young child would not normally

9  know. (*Id.* at 13). The appellate court noted that the jury could also credit the child's

10  statements that she referred to a dream because she overheard  Maldonado tell the

11  child's mother that she must have dreamed it. (*Id.*). Additionally, it noted that the jury

12  could have decided not to credit her mother's account of the child's statements about

13  it being a dream because of the mother's inconsistent testimony on the subject. (*Id.*).

14  Finally, the Court of Appeal reasoned that the jury could infer that the child was trying

15  to figure out if it was a dream because she had been warned of negative consequences

16  of disclosure, or had concerns about getting Petitioner into trouble and breaking up her

17  family. (*Id.*). The discussion by the Court of Appeal indicates that a rational trier of

18  fact could have concluded that the essential elements were proven beyond a reasonable

19  doubt.

20    The Court of Appeal also correctly pointed out that it was for the jury to weigh

21  Petitioner's evidence regarding the child's viewing of sexually explicit material, her

22  past explicit dreams, and her need for attention. (*Id.* at 13-14). The Court concluded

23  that this evidence did not defeat the sufficiency of the evidence. (*Id.* at 14). As the

24  Magistrate Judge correctly stated, the assessment of credibility of witnesses is generally

25  beyond the scope of a court's review. (R&R at 18, citing *Schlup v. Delo*, 513 U.S. 298,

26  330 (1995)).

27    This Court has reviewed the evidence in the record, including all of the

28  arguments raised by Petitioner in his Petition, Traverse, and Objection. It is clear that

1  a rational trier of fact could conclude that the elements of the crime were proven
2  beyond a reasonable doubt.  The Court of Appeal did not unreasonably apply the
3  governing law in *Jackson* and *Winship* in affirming Petitioner's conviction.  As such,
4  Maldonado has not established a claim for federal habeas corpus relief under 28 U.S.C.
5  § 2254.

6      Petitioner also seeks a certificate of appealability in his Objection. (Obj. at 2-3).
7  Such a certificate may only issue if there is a "substantial showing of the denial of a
8  constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner must demonstrate that
9  reasonable jurists would find the district court's assessment of the constitutional claims
10  debatable or wrong. *Slack v. McDaniel*, 529 U.S 473, 484 (2000).  In the case at hand,
11  Petitioner's arguments regarding the sufficiency of the evidence are clearly insufficient
12  under the applicable governing law.

13                                        **CONCLUSION**

14      The Report and Recommendation of the Magistrate Judge is **ADOPTED**.  The
15  Petition for Writ of Habeas Corpus is **DENIED**.  The Certificate of Appealability is
16  **DENIED**.

17      **IT IS SO ORDERED.**

18
19  Dated: November 07, 2013

                                            HON. ROGER T. BENITEZ
20                                              United States District Judge